IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

MICHAEL FLYNN and
DAN WATSON,

        Plaintiffs,

v.                                                                              No. CIV 98-181 BB/DJS

BOARD OF COUNTY COMMISSIONERS OF EDDY COUNTY, FORMER SHERIFF JACK CHILDRESS, FORMER UNDERSHERIFF JOHN LEWIS, COUNTY MANAGER STEVE MASSEY, FORMER LIEUTENANT EDDY MARKHAM, FORMER SERGEANT MARK ROWLEY, TRANSPORT OFFICER RALPH FREEMAN, and CORPORAL CHARLIE GRANGER,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## DISMISSING COUNT V

THIS MATTER is before the Court on Defendants' motion to dismiss Count V [#15] of Plaintiffs' complaint, and the Court being duly advised, FINDS the motion well taken and it will be GRANTED.

## DISCUSSION

Plaintiffs allege they were public employees of Eddy County who supported the nomination of Chunky Click as the Democratic candidate for Eddy County Sheriff. They allege the Defendants "solicited information from each of the Plaintiffs about who they intended to support in the sheriff's race then retaliated against them for speaking on a matter of public concern." (Pltfs' compl. ¶ 18.)

Title 42, Section 1985 of the United States Code was passed in 1861 in response to the post Civil War activities of the Ku Klux Klan. *United Brotherhood of Carpenters & Joiners v. Scott*, 463 U.S. 825 (1983). It was intended to encompass only those conspiracies motivated by animus against the kind of classes Congress was trying to protect from such activities. *Griffin v. Breckenridge*, 403 U.S. 88 (1971); *Kimble v. D.J. McDuffy, Inc.*, 648 F.2d 340 (5th Cir.), *cert. denied*, 454 U.S. 1110 (1981). The protections of the statute, therefore, do not apply to all conspiratorial tortious interferences with the rights of others. *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993), *cert. denied*, 510 U.S. 1093 (1994).

In the present case the only factor which unites Plaintiffs as a class is their support of Chunky Click and/or opposition to his opponent, Defendant Jack Childress. It is generally accepted that a claim of employment discrimination based on an

employee's political activities is not the type of claim Congress sought to protect under 42 U.S.C. § 1985. *Morales-Narvaez v. Rossello*, 852 F. Supp. 104 (D.P.R. 1994), *aff'd*, 65 F.3d 160 (1st Cir. 1995); *Blankmun v. County of Nassau*, 819 F. Supp. 198 (E.D.N.Y.), *aff'd*, 14 F.3d 592 (2d Cir. 1993). *Cf. Grimes v. Smith*, 776 F.2d 1359 (7th Cir. 1985) (statute not intended to apply to non-racial, political conspiracy to support "sham" political candidate).

The Tenth Circuit has also clearly recognized that 42 U.S.C. § 1985 requires that a plaintiff's complaint must derive from class-based animus. *Taylor v. Gilmartin*, 686 F.2d 1346 (10th Cir. 1982), *cert. denied*, 459 U.S. 1147 (1983). In *Brown v. Reardon*, 770 F.2d 896 (10th Cir. 1985), the Court of Appeals applied this rule to affirm a directed verdict on facts analogous to those at bar. The *Brown* plaintiffs alleged their employment layoffs resulted from their refusal to purchase tickets for political fund-raisers sponsored by defendants. The Tenth Circuit strongly rejected the plaintiffs' claim that those discriminated against for their political expression constituted a protected class under § 1985. This is the same type allegation advanced by Plaintiffs herein and its disposition must be the same.

## **O R D E R**

For the above stated reasons, Count V is **DISMISSED.**

3

Dated at Albuquerque this 18th day of September, 1998.

*[signature]*
**BRUCE D. BLACK**
United States District Judge

Counsel for Plaintiffs:
    Randy K. Clark, Roswell, NM
    Kathryn Hammel, Cates & Hammel, Los Lunas, NM

Counsel for Defendants:
    Thomas A. Sandenaw, Jr., Raúl A. Carrillo, Jr., Las Cruces, NM